Filed        26-CI-003974    05/09/2026        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

*Filed electronically*

No. 26-CI                                              JEFFERSON CIRCUIT COURT

                                                       DIVISION _____

CHRISTOPHER MORRIS                                                    PLAINTIFF

VS.

LOUISVILLE METRO POLICE DEPARTMENT

    Serve:  CHIEF HUMPHREY

        633 W. Jefferson St.

        Louisville, KY 40202

And

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT

    Serve:  Mayor Craig Greenburg

        Metro Hall/4th Floor

        527 W. Jefferson St.

        Louisville, KY 40202

And

OFFICER TYLER LAWRENCE, individually, and in his Official Capacity

    Louisville Metro Police Department

    633 W. Jefferson St.

    Louisville KY 40202

And

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000001 of 000008

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

OFFICER YOUNG, individually, and in his Official Capacity

Louisville Metro Police Department

633 W. Jefferson St.

Louisville KY 40202

                                                            DEFENDANTS


COMPLAINT


*** *** *** *** *** ***

COMES NOW the Plaintiff, Christopher Morris (hereafter "Plaintiff" or "Morris"), by counsel, and for his complaint against the Defendants, states as follows:

PARTIES, VENUE AND JURISDICTION

1. Plaintiff is, at present, an adult resident of Louisville, Jefferson County, Kentucky and on or about May 10, 2025, in Louisville Jefferson County Kentucky, was a passenger in a vehicle when that vehicle was stopped on a pretense (per the citation the "registration plate did not appear to be illuminated") and he was then charged with the "rear license not illuminated and "resisting arrest". (Exhibit 1) During this arrest, the Defendant Officers proceeded to take down the Plaintiff to the ground, which caused injuries to the Plaintiff, while the Defendant Officers kept telling Morris to "stop resisting" even after they had him on the ground and he was telling the Officers he could not breathe, these actions and harms caused by the acts and/or omissions of Defendants in their respective individual and/or official capacities, most of which acts and/or omissions took place in Jefferson County, Kentucky.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000002 of 000008

Filed    26-CI-003974    05/09/2026    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

2. As a direct and proximate result of the negligence and carelessness of the Defendants as aforesaid, the Plaintiff incurred expenses for medical care and treatment, and lost time and wages from his regular employment.

3. Plaintiff's claim for damages exceeds the jurisdictional limits of this Court.

4. Defendant Tyler Lawrence (hereafter "Lawrence" or "Officer Lawrence") is and was at the time of the events set out herein an adult resident of Louisville, Jefferson County, Kentucky.

5. Defendant Young (hereafter "Young" or "Officer Young") is and was at the time of the events set out herein an adult resident of Louisville, Jefferson County, Kentucky.

6. Defendant CITY OF LOUISVILLE / JEFFERSON COUNTY / LOUISVILLE CONSOLIDATED GOVERNMENT ("Louisville") is a municipal corporation existing within Jefferson County, Kentucky, operating under the color of law with the capacity to sue and be sued, and, at all times pertinent hereto, Louisville has employed, authorized and/or empowered to act on their behalf the Defendant PABLO CANO. That Defendant Louisville has created, and, at all times relevant hereto, does today operate and maintain a police department known as the LOUISVILLE METRO POLICE DEPARTMENT.

7. Defendant LOUISVILLE METRO POLICE DEPARTMENT ("LMPD" or "Louisville Metro Police Department") is a police department (agency) existing within Jefferson County, Kentucky, created by Defendant Louisville, and at all times relevant hereto, LMPD has employed, authorized and/or empowered to act on their behalf the Defendants Lawrence and Young.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000003 of 000008

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

8. At all times material hereto, the Defendants Lawrence Young, Louisville, and other unknown employees, agents and/or servants of each of the respective Defendants resided in Jefferson County, Kentucky.

9. Original venue of this action rests in Jefferson County, Kentucky, under applicable Kentucky venue statutes.

10. Jurisdiction over Defendants in this action exist by way of service of process upon Defendants pursuant to relevant provisions of Kentucky Rule of Civil Procedure 4 and/or applicable Kentucky statues.

11. The amount in controversy in this action, exclusive of interest and costs, is in excess of five thousand ($5,000.00) dollars, and any other applicable limit and jurisdiction over this action therefore rests in the Circuit Court of Jefferson County, Kentucky pursuant to KRS 23A.010(1), KRS 24A.120(1) and Section 112(5) of the Kentucky Constitution.

12. Pursuant to the venue and jurisdiction as established by the preceding paragraphs of this Complaint, this action is properly brought against Defendants in the Jefferson Circuit Court, Jefferson County, Louisville, Kentucky.

## FACTUAL ALLEGATIONS

13. Defendants Louisville and LMPD authorized and empowered Defendants Lawrence and Young, to act as agents, employees and/or servants of LMPD and/or Metro and in all of their activities related to LMPD, at the direction, and with the approval of LMPD and/or Metro

14. Even if one it to set aside the pretextual stop, to then charge the Plaintiff with resisting arrest, KRS 520.090, when he was not arresting arrest under the statute as:

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000004 of 000008

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

520.090　Resisting arrest. (1) A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer, recognized to be acting under color of his official authority, from effecting an arrest of the actor or another by:

(a) Using or threatening to use physical force or violence against the peace officer or another; or

(b) Using any other means creating a substantial risk of causing physical injury to the peace officer or another. (Exhibit 2)

<u>LEGAL CLAIMS</u>

15. While Plaintiff has not received all the body cameras related to the incident, it is clear in all of the videos that he was not threatening to use physical force or violence against a police officer or using any other means to create a substantial risk of causing physical harm to a police officer, and in fact the Plaintiff is the person who had to seek medical treatment after the incident on May 10, 2025.

16. Along with injuring the Plaintiff, the Officers violated KRS 431.025(3) wherein "(3) No unnecessary force or violence shall be used in making an arrest." (Exhibit 3) In every video seen on this matter, both from the Officers and from Plaintiff's son, the Officers purposely took down the Plaintiff to the ground and proceeded to tell the Plaintiff to "stop resisting" while he was faced down on the grass and he has having trouble breathing (as he told the Officers repeatedly).

17. Further, the Defendant Officers   excessive force under § 1983 . The recent case of *Maxie v. Laird,* 2026 U.S. Dist. LEXIS 22045 *; 2026 LX 53703, addresses this , while citing *Getz v. Swoap,* 833 F.3d 646, 652 (6th Cir. 2016):

COM : 000005 of 000008

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

In assessing objective reasonableness, "courts must balance the consequences to the individual against the government's interests in effecting the seizure." While the analysis is fact specific, three factors are of particular relevance: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." We judge the lawfulness of the conduct from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

18. In this instance, the Plaintiff was a passenger in a car that was stopped for ""registration plate did not appear to be illuminated". When the officers on camera stated that they pulled the car over because his CDL license was expired, and he wasn't the driving. The Plaintiff asked that the Officers verify their information, as the Officers then stated that the Plaintiff has a warrant out for failure to pay court costs. The Plaintiff believed that the Officers were making a mistake, as he has been accused of crimes that another individual had committed (with the same name).

19. So instead of waiting for clarifications on whether on not he was the individual who had a warrant for paying court costs, the Officers pulled him out of the car, Officer Lawrence tried to execute a leg sweep to take down the Plaintiff

20. The second leg sweep took the Plaintiff down to the ground, facedown into the grass.

21. While this was ongoing the Officers kept telling him to "stop resisting" despite him not doing anything that meets the KRS 520.90, even after he was unable to breathe and they had handcuffed him.

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000006 of 000008

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

22. The three factors listed in *Getz,* about the severity of the crime at issue, an immediate threat to the officers, or actively resisting arrest or attempting to evade, are not met. In fact, none of the three factors have met.

23. Defendants' conduct was intentional or grossly negligent, or indicated active malice toward Plaintiff, or constitutes a total and reckless disregard for and indifference to Plaintiff's constitutional and common law rights, justifying an award of punitive damages in addition to the action damages which Plaintiff is entitled to recover.

24. Defendants LMPD and Louisville are liable due to negligent hiring, training and supervision of Defendant Lawrence and/or Young.

25. Defendants LMPD and Metro are liable due to their reckless disregard in hiring, training and supervision of Defendant Lawrence and/or Young.

26. Further pursuant to KRS 65.2005 the Defendants Metro and LMPD are responsible for any settlement or judgement against Defendants Lawrence and/or Young in this action.

**WHEREFORE**, the Plaintiff, demands judgment against all named Defendants, jointly and severally, in an amount to be determined by a jury for:

      A.     A monetary judgment against Defendants in an amount that will fully compensate Plaintiff for his injuries and damages;

      B.     A judgment of appropriate punitive damages against Defendants, in an amount sufficient to punish the Defendants for failure abide by Kentucky statutes.

      C.     His costs herein expended including a reasonable attorney's fees; and

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000007 of 000008

Filed          26-CI-003974      05/09/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
05/29/2026 08:26:15 AM
CA856-362

pursuant to CR 3.02 and CR 54.04;

D. An award of post-judgment interest in the amount allowed by statute;

E. Trial by jury of all issues so triable;

F. Any and all other relief at law or in equity to which Plaintiff may appear entitled;

G. His humiliation past, present and future;

H. His embarrassment and mental anguish past, present and future;

I. Past medical expenses;

J. His pain and suffering; and

K. His mental anguish.

Respectfully submitted,
/s/ Shannon Fauver

Shannon Fauver
FAUVER LAW OFFICE, PLLC.
1752 Frankfort Avenue
Louisville, KY 40206
502-569-7710-Office
502-899-2467-Fax
Shannon@fauverlaw.com
*Counsel for the Plaintiff*

Presiding Judge: HON. ANN BAILEY SMITH (630350)

COM : 000008 of 000008